JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| EAGLE VISTA EQUITIES, LLC, | ) CASE NO. CV 15-8420-JAK (PJWx) |
|---|---|
| Plaintiff, | ) ORDER DENYING DEFENDANT'S MOTION |
| | ) TO PROCEED *IN FORMA PAUPERIS* AND |
| v. | ) REMANDING CASE TO SUPERIOR COURT |
| JOHN D. ELLIS, | ) |
| Defendant. | ) |

Before the Court is the motion of Defendant John D. Ellis to proceed *in forma pauperis* ("IFP"). For the following reasons, the motion is DENIED and the action is remanded to the Los Angeles Superior Court ("LASC").

On October 28, 2015, Defendant, proceeding as a self-represented litigant, lodged a Notice of Removal, accompanied by a request to proceed IFP. The action is one for unlawful detainer that was pending in the LASC. The Court has denied the IFP application under separate cover. To prevent any potential confusion or undue delay as to the determination of federal jurisdiction, the matter is remanded to the LASC.

Simply stated, because Plaintiff could not have brought this action in federal court, there is no basis to remove it. To the

extent that Defendant is seeking to assert jurisdiction here by raising federal claims as part of an affirmative defense, he cannot do so. Only the claims raised in the Complaint are considered in determining whether there is federal jurisdiction. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (federal questions must be disclosed on the face of the complaint as a defendant's reply is not a basis for federal jurisdiction); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (federal law defense does not create federal jurisdiction if the complaint on its face does not present federal question).

Plaintiff's unlawful detainer action does not raise a federal question. *See* 28 U.S.C. § 1331. Nor is there diversity jurisdiction; Plaintiff and Defendant are both citizens of California and the amount in controversy is less than $10,000. *See* 28 U.S.C. § 1332. For these reasons, the matter must be remanded for lack of jurisdiction. 28 U.S.C. § 1441(a); *Exxon Mobil Corp v. Allapattah Svcs., Inc.*, 545 U.S. 546, 563 (2005).

For the foregoing reasons, IT IS ORDERED that: (1) this matter is REMANDED to the LASC, at its Mosk Courthouse, 110 N. Hill St., Los Angeles, California, 90012; and(2) the clerk shall send a

certified copy of this Order to the LASC and serve copies on the parties.

IT IS SO ORDERED.

DATED: November 12, 2015

———————————————
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

C:\Users\akeifer\AppData\Local\Temp\notesC7A056\~2939893.wpd

3